IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION AGAINST
DOMESTIC VIOLENCE, *et al.*

    *Plaintiffs*,

v.

PAMELA BONDI, in her official capacity as
United States Attorney General, *et al.*

    *Defendants*.

Case No. 1:25-cv-00279

**JOINT STIPULATION**

The United States Department of Justice ("DOJ"), Office on Violence Against Women ("OVW"), administers grant programs authorized by the Violence Against Women Act ("VAWA") and subsequent legislation and provides national leadership on issues of domestic violence, dating violence, sexual assault, and stalking. OVW grants support coordinated community responses that provide services to victims and hold offenders accountable.

OVW is currently accepting applications for funding through a variety of grant programs. To do so, OVW posts a Notice of Funding Opportunity ("NOFO") for each program on its website.

Each of the NOFOs provides details of the funding opportunity, key deadlines and other important dates for the grant application, information about eligibility for the grant, a description of the program, and directions about how a potential applicant can apply.

As part of the application, each of the NOFOs currently available from OVW requires applicants to provide a "Certification Regarding Out-of-Scope Activities." Each NOFO requires that applicants, in pertinent part:

> [A]ttach a letter to OVW's Director, signed by the Authorized Representative, certifying that grant funds will not be used for the following out-of-scope activities:
>
> 1. Promoting or facilitating the violation of federal immigration law.
>
> 2. Inculcating or promoting gender ideology as defined in Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government.
>
> 3. Promoting or facilitating discriminatory programs or ideology, including illegal DEI and "diversity, equity, inclusion, and accessibility" programs that

    do not advance the policy of equal dignity and respect, as described in Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity. This prohibition is not intended to interfere with any of OVW's statutory obligations, such as funding for HBCUs, culturally specific services, and disability programs.

4. Activities that frame domestic violence or sexual assault as systemic social justice issues rather than criminal offenses (e.g., prioritizing criminal justice reform or social justice theories over victim safety and offender accountability).

5. Generic community engagement or economic development without a clear link to violence prevention, victim safety, or offender accountability.

6. Programs that discourage collaboration with law enforcement or oppose or limit the role of police, prosecutors, or immigration enforcement in addressing violence against women.

7. Awareness campaigns or media that do not lead to tangible improvements in prevention, victim safety, or offender accountability.

8. Initiatives that prioritize illegal aliens over U.S. citizens and legal residents in receiving victim services and support.

9. Excessive funding for consulting fees, training, administrative costs, or other expenses not related to measurable violence prevention, victim support, and offender accountability.

10. Research projects.

11. Any activity or program that unlawfully violates an Executive Order.

    **Note:** Nothing in this certification prohibits recipients from serving all eligible victims as required by statute, regulation, or award condition.

As part of the application process, on the Application for Federal Assistance SF-424 (Box 21), applicants are also required to check a box agreeing to certify "to the statements contained in the list of certifications" that are "in the announcement or agency specific instructions."

Together, this Stipulation refers to the Certification Regarding Out-of-Scope Activities and the check-box certification described above (insofar as it applies to the Certification Regarding Out-of-Scope Activities) as "the Certification Requirements."

The currently posted NOFOs have application deadlines ranging from June 18, 2025, through August 12, 2025.

On June 16, 2025, Plaintiffs California Partnership to End Domestic Violence, Colorado Coalition Against Sexual Assault, District of Columbia Coalition Against Domestic Violence, End Domestic Abuse Wisconsin: The Wisconsin Coalition Against Domestic Violence, Idaho Coalition Against Sexual and Domestic Violence, Iowa Coalition Against Domestic Violence, Jane Doe Inc., The Massachusetts Coalition Against Sexual Assault and Domestic Violence, Kansas Coalition Against Sexual and Domestic Violence, Montana Coalition Against Domestic

and Sexual Violence, North Carolina Coalition Against Domestic Violence, Oregon Coalition Against Domestic and Sexual Violence, Pennsylvania Coalition Against Domestic Violence, Rhode Island Coalition Against Domestic Violence, ValorUS, Violence Free Minnesota, Virginia Sexual and Domestic Violence Action Alliance, and Wisconsin Coalition Against Sexual Assault ("Plaintiffs"), filed a Complaint in the United States District Court for the District of Rhode Island, alleging harm to Plaintiffs due to the Certification Requirements and related funding conditions, Case Number 25-cv-00279-WES-AEM.

Only to avoid the need for the Court to decide Plaintiffs' anticipated Motion for a Temporary Restraining Order and preserve the status quo regarding the Certification Requirements, the Parties, through undersigned counsel, stipulate that:

1. OVW will allow Plaintiffs, and their member organizations, to delay complying with the Certification Requirements for all NOFOs provided by OVW until August 12, 2025.

2. Plaintiffs and their member organizations may upload a letter as part of their applications, in lieu of the Certification Regarding Out-of-Scope Activities, that states:

    > We have clicked on the certification in box 21 of the SF-424 as a technical requirement to move forward with our application. However, pursuant to the binding agreement entered into between OVW and the Plaintiffs in Case Number 25-cv-00279-WES-AEM (D.R.I.), we clicked on the checkbox solely based on the agreement that our checking that box is inoperative and will be considered null and void as to the Certification Regarding Out-of-Scope Activities.

3. For any Plaintiff or Plaintiff member organization that submits a letter pursuant to paragraph 2, OVW will treat the check box in box 21 of the SF-424 as inoperative and consider it null and void as to the Certification Regarding Out-of-Scope Activities, through the period prescribed in Paragraph 1.

4. OVW will not cancel, delay, block, or take any adverse action on any application submitted by Plaintiffs or their member organizations should they choose to submit the letter identified in Paragraph 2 in lieu of the Certification Regarding Out-of-Scope Activities or otherwise delay compliance with the Certification Requirements.

5. Plaintiffs' member organizations may alternatively comply with the Certification Requirements by the existing deadline posted for each NOFO, should they choose to do so.

6. Unless the Court orders otherwise, in order for their applications to be considered, Plaintiffs and their member organizations who do not comply with the Certification Requirements in their initial application must do so by providing the Certification Regarding Out-of-Scope Activities, as described in each NOFO, to OVW by 11:59 PM EST, August 12, 2025.

Based on the foregoing stipulation, the parties have agreed to a briefing schedule that will allow the Court to decide Plaintiffs' Motion for a Preliminary Injunction before August 12, 2025. The parties jointly request the Court enter the following briefing schedule:

- June 26, 2025:  Plaintiffs' motion for preliminary injunction

- July 18, 2025: Defendants' opposition
- July 25, 2025: Plaintiffs' reply

June 17, 2025

Respectfully submitted,

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Kristin Bateman*
Kristin Bateman (Cal. Bar No. 270913)[+ ^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+*]
Kyla M. Snow (OH Bar No. 96662)[+ ^]
Nina Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565

ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

/s/ Lauren A. Khouri
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org

[+] *Admitted pro hac vice*
\* Of Counsel
^Not admitted in the District of Columbia; practice supervised by members of the D.C. bar.


*Counsel for Plaintiffs*


/s/ Kevin Love Hubbard
KEVIN LOVE HUBBARD
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
Kevin.Hubbard@usdoj.gov


*Counsel for Defendants*