IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, et al.<br><br>   *Plaintiffs*,<br><br> v.<br><br>PAMELA BONDI, in her official capacity as United States Attorney General, et al.,<br><br>   *Defendants*. | Case No. 1:25-cv-279 |

## NOTICE OF AUTHORITIES

  Plaintiffs submit this Notice to attach two decisions referenced during the hearing held yesterday, on July 29, 2025.

  In *Local 8027, AFT-N.H., AFL-CIO v. Edelblut*, 651 F. Supp. 3d 444 (D.N.H. 2023), *appeal pending* No. 24-1690 (1st Cir.), the district court explained the standards for a facial vagueness challenge. The court explained that, in *Johnson v. United States*, 576 U.S. 591 (2015), and subsequent cases, the Supreme Court clarified that a plaintiff bringing a facial vagueness challenge need not demonstrate that a statute is "vague in all applications." *Johnson* found that the criminal statute there was unconstitutionally vague even though there were "straightforward cases" where the prohibition clearly applied. *Id.* at 602-03 The Court concluded: "our holdings squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 602. *Local 8027* explained that, since *Johnson*, the majority view is that a law may be facially vague even if "some conduct

1

clearly falls within the [prohibition's] scope." 651 F. Supp. 3d at 459. *Local 8027* adopted this majority view (notably, the statute in *Local 8027* did not involve criminal penalties, as here).

In *Cabrera v. Department of Labor*, No. 1:25-cv-01909, ECF No. 53 (D.D.C. July 25, 2025), the district court entered a stay under 5 U.S.C. § 705 that was "not limited to the parties before the court." *Id.* at 16. The court rejected the government's argument that "a § 705 stay cannot be entered after an agency action has already taken effect." *Id.* The government "provide[d] no authority in support" of the proposition. *Id.* In explaining why relief was not limited to the parties, the court explained that "just as vacatur under § 706 is not a party-specific remedy, . . . neither is a stay under § 705." *Id.* "Both provisions specify what courts are authorized to do with respect to *agency actions*, not parties." *Id.*

July 30, 2025

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (Cal. Bar No. 270913)[+^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

 */s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+^]
Nina Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

2

/s/ Amy R. Romero
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

/s/ Lynette Labinger
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

/s/ Mary C. Dunn
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

 /s/ Lauren A. Khouri
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] *Pro hac vice*
^ Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I electronically filed the within notice and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*