IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PAMELA BONDI, *et al*, <br><br> *Defendants*. | Case No. 1:25-cv-00279 |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

For the reasons provided in the attached memorandum, Plaintiffs hereby move for partial summary judgment on the claims in their First Amended Complaint, pursuant to Federal Rule of Civil Procedure 56. In particular, Plaintiffs move for summary judgment with respect to claim VII and, for all other claims, move for summary judgment with respect to all challenged conditions other than the OJP Anti-DEI Certification Requirement. Plaintiffs anticipate moving for summary judgment on the OJP Anti-DEI Certification Requirement at a later date, after Defendants produce an administrative record on that condition.

Plaintiffs request that the Court (1) declare unlawful, vacate, and set aside the OVW "Out-of-Scope" Funding Conditions and the OVW General Anti-DEI Certification ("challenged conditions") and OVW's policy of imposing those conditions; (2) permanently enjoin Defendants and anyone acting in concert or participation with them from treating any challenged certification that an applicant already signed as effective and requiring them, in making any award, to clarify that the previously made certification is null and void and that the challenged conditions do not apply; (3) permanently enjoin Defendants and anyone acting in concert or

participation with them from disqualifying any applicant from consideration or otherwise disadvantaging the applicant based on the applicant's failure to submit a compliant certification pursuant to the challenged conditions; and (4) permanently enjoin Defendants and anyone acting in concert or participation with them from imposing or enforcing the challenged conditions or any substantially similar conditions via any new agency action.

In support of the motion, Plaintiffs rely on the accompanying Memorandum, the accompanying declarations, the Administrative Record, the pleadings and papers on file in this action, and any argument and evidence presented at the hearing of this motion.

Pursuant to Local Rule 7(c), Plaintiffs request oral argument for this motion to the extent the Court would find argument beneficial.

November 19, 2025

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (D.C. Bar No. 90037068)[+]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

   */s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Kyla M. Snow (D.C. Bar No. 90036400)[+]
Nina Cahill (D.C. Bar No. 1735989)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+^]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
kyla@jacobsonlawyersgroup.com

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

 */s/ Lauren A. Khouri*
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org

[+] Admitted *pro hac vice*
[^] Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2025, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                                        */s/ Kristin Bateman*
                                                        Kristin Bateman