IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*,<br><br>Plaintiffs,<br><br>*v.*<br><br>PAMELA BONDI, *et al.*,<br><br>Defendants. | Civil Action No.<br>1:25-cv-00279 |

JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

The parties, by and through their undersigned counsel, respectfully move the Court to enter a scheduling order adopting the agreed-upon deadlines proposed below, and state as follows:

1. Plaintiffs filed this action on June 16, 2025, and moved for a preliminary injunction on June 26, 2025. ECF Nos. 1, 15. Plaintiffs' Complaint and preliminary-injunction motion challenged eight out-of-scope funding activities and two certification requirements included in the Office on Violence Against Women's ("OVW") Fiscal Year ("FY") 2025 Notices of Funding Opportunities ("NOFOs"), asserting claims under the Administrative Procedure Act ("APA"), the Constitution, and ultra vires principles. *See* ECF No. 34 at 8–9.

2. On August 8, 2025, the Court issued a Memorandum and Order granting in part and denying in part Plaintiffs' motion for preliminary injunction. ECF No. 34. The Court concluded that Plaintiffs were likely to succeed on the merits of their APA claim and entered a

1

stay under 5 U.S.C. § 705, staying enforcement of the challenged out-of-scope funding activities and certification requirements applicable to OVW grants. *Id.* at 8, 22, 26.

3. The Court subsequently entered the parties' Joint Motion for Entry of a Scheduling Order, which required Defendant OVW to produce the administrative record for its decision to include the challenged out-of-scope funding activities and certification requirements in the FY 2025 NOFOs. ECF No. 35.

4. Pursuant to the Scheduling Order, Defendant OVW produced the administrative record on September 24, 2025. ECF No. 36.

5. After the record was produced, Plaintiffs sought and received additional time to file their summary-judgment motion, explaining that they needed to evaluate new developments that could affect the relief sought in this case. *See* ECF Nos. 38, 39, 40.

6. On November 13, 2025, the Court entered an order setting a schedule. Under that schedule, Plaintiffs would file an amended complaint and a motion for partial summary judgment on the original claims by November 19. ECF No. 40. The order also set forth a schedule for briefing cross-motions for partial summary judgment on the original claims. *Id.*

7. On November 19, 2025, Plaintiffs filed their Amended Complaint, asserting a new challenge to a certification requirement in the General Terms for Office of Justice Programs awards that Plaintiffs contend is materially similar to a certification requirement applicable to OVW awards that Plaintiffs challenged in the original complaint (and still challenge in the amended complaint). ECF No. 41. The Amended Complaint also adds eight additional plaintiffs and adds as defendants the Office of Justice Programs ("OJP") and the Office for Victims of Crime within the Department of Justice. ECF No. 41.

8. Also on November 19, 2025, Plaintiffs filed a partial motion for summary judgment limited to their claims concerning OVW grants. ECF No. 45. Plaintiffs' partial motion does not seek summary judgment on their newly added claims relating to the Office of Justice Programs certification requirement. *Id.*

9. Since the filing of the Amended Complaint and Plaintiffs' partial motion for summary judgment, the parties have met and conferred and have agreed upon a joint schedule to address all claims at once, through cross-motions for summary judgment.

10. Defendants agree to provide the administrative record as to Plaintiffs' newly added claims relating to the Office of Justice Programs certification requirement on or before January 23, 2026.

11. Plaintiffs agree to amend their partial motion for summary judgment to a motion for summary judgment that incorporates the new claims, and will file their motion for summary judgment as to all claims on or before February 13, 2026. The amended motion for summary judgment will cover all claims in the case and will supersede the motion for partial summary judgment filed on November 19, 2025.

12. Defendants agree to file their combined opposition to summary judgment and cross-motion for summary judgment as to all claims on or before March 13, 2026.

13. Plaintiffs agree to file their combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment on or before April 10, 2026.

14. Defendants agree to file a reply in support of their motion for summary judgment on or before May 8, 2026.

15. The parties further agree that Defendants' deadline to answer or otherwise respond to the Amended Complaint is stayed pending the Court's ruling on the parties' cross-motions for partial summary judgment.

16. In sum, the parties respectfully propose the following briefing schedule to fully resolve all claims in this case:

    a. On or before January 23, 2026: Defendants file the administrative record as to Plaintiffs' new claims.

    b. On or before February 13, 2026: Plaintiffs amend their partial motion for summary judgment to a motion for summary judgment that covers all claims.

    c. On or before March 13, 2026: Defendants file their combined brief in opposition to Plaintiffs' motion for summary judgment and in support of their cross-motion for summary judgment.

    d. On or before April 10, 2026: Plaintiffs file their combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment.

    e. On or before May 8, 2026: Defendants file their reply in support of their cross-motion for summary judgment.

    f. Defendants' obligation to answer or otherwise respond to the amended complaint is stayed pending the Court's resolution of the parties' cross-motions for summary judgment.

For the foregoing reasons, the parties respectfully request the Court grant the parties' motion and enter their proposed schedule.

Dated: December 22, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

*/s/ Kathryn Barragan*
KATHRYN BARRAGAN (BBO #714075)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for Defendants*


*/s/ Kristin Bateman*
Kristin Bateman (Cal. Bar No. 270913)[+^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

 */s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar No. 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Nina Cahill (D.C. Bar No. 1735989)[+]
Kyla M. Snow (OH Bar No. 96662)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[*^]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

5

(301) 823-1148
dan@jacobsonlawyersgroup.com

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar No. 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*/s/ Lauren A. Khouri*
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org

[+] Admitted *pro hac vice*
^ Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

6