**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> PAMELA BONDI, in her official capacity as United States Attorney General, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00279-MRD-PAS <br><br> **EXPEDITED RELIEF REQUESTED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs respectfully request leave, under Federal Rule of Civil Procedure 15, to file a second amended complaint to challenge a new funding condition that Defendants are imposing on Department of Justice grants. In particular, on January 26, 2026, Defendant Office for Victims of Crime (OVC) within the Department of Justice's Office of Justice Programs (OJP) issued award agreements that forbid grantees from providing grant-funded services to certain ill-defined categories of noncitizens, subject to limited and ill-defined exceptions. Defendants did not announce this new condition in advance, and Plaintiffs only just learned of it when they received their award agreements. This new condition violates the Administrative Procedure Act and the Constitution for a host of reasons, including because Defendants lack statutory authority to impose it, because the condition in some instances outright conflicts with the governing statute, because Defendants arbitrarily and capriciously failed to explain the reasons for the condition or to consider the practical problems with implementing it or the devastating harm it

1

would cause to noncitizen and citizen victims of crime alike, and because the condition's ill-defined terms are unconstitutionally vague.

Consistent with the principle that leave to amend should be "freely" granted, Fed. R. Civ. P. 15(a)(2), this Court should permit Plaintiffs to file a second amended complaint to challenge this newly imposed condition. The proposed amendment does not add any additional parties or any new counts, and it challenges a new funding condition that resembles funding conditions already at issue in this litigation and that is unlawful for similar reasons. Including Plaintiffs' challenges to this new condition in this litigation will be efficient for the Court and the parties and will cause no undue prejudice to Defendants.

Plaintiffs also seek expedited consideration of this motion to remove any doubt about the Court's ability to grant the urgent preliminary relief that Plaintiffs seek in a motion for temporary restraining order filed concurrently with this motion. For the reasons explained in that accompanying motion, Plaintiffs face imminent irreparable harm from this new funding condition—and will be forced to turn victims in need away, will experience a loss of trust by their communities, and expose themselves to risk of potentially ruinous litigation and liability if they are deemed not to comply with the ill-defined condition that Defendants have unlawfully imposed. To the extent that the Court deems it necessary for an amended complaint to be filed before it can grant preliminary relief on the proposed new claims, Plaintiffs respectfully request expedited consideration of this motion to amend their complaint so that the Court can grant preliminary relief by March 11, the deadline to accept the awards subject to this new condition.

A clean and redlined version of the [Proposed] Second Amended Complaint are attached to this motion as Exhibit A and Exhibit B, respectively.

2

**BACKGROUND**

Plaintiffs—state domestic violence and sexual assault coalitions responsible for coordinating victims services in their states—brought this suit against the Department of Justice and DOJ's Office on Violence Against Women (OVW), and their respective heads, in June 2025. *See* Complaint (Dkt. No. 1). Plaintiffs' original complaint challenged new funding conditions that OVW was imposing on grants that the coalitions and their members rely on to provide needed support to survivors of domestic violence and sexual assault. *Id.* The new conditions that Plaintiffs challenge run the gamut and include several conditions that made it more difficult for providers to help immigrant survivors—including conditions that (vaguely) bar grantees from using their grants to "promot[e] or facilitat[e] the violation of federal immigration law" or to fund "[i]nitiatives that prioritize illegal aliens over U.S. citizens and legal residents in receiving victim services and support." Compl. ¶¶ 167–68, 170. Plaintiffs sought preliminary relief, and the Court granted that relief and stayed the new conditions under the Administrative Procedure Act (APA) on August 8, 2025. Mem. and Order at 26–27 (Dkt. No. 34).

Plaintiffs filed a First Amended Complaint as of right on November 19, 2025, to challenge a new condition targeting diversity, equity, and inclusion activities that DOJ's Office of Justice Programs (OJP) was imposing on grants issued by OJP and its subcomponents, including the Office for Victims of Crime (OVC). Amended Complaint ¶¶ 166–69 (Dkt. No. 41). That complaint added additional plaintiffs and added OJP, OVC, and their respective heads as defendants. *Id.* ¶¶ 9–41. Plaintiffs had also intended to include in their amended complaint a challenge to a new "legal services for aliens" condition that barred DOJ grantees from providing legal services to "to any removable alien (see 8 U.S.C. § 1229a(e)(2)) or any alien otherwise unlawfully present in the United States," subject to certain exceptions. *See* Notice (Dkt. No. 42). Defendants, however, represented that that restriction did not apply to the grants Plaintiffs and

their members had at the time—VOCA Victim Assistance grants and grants under the Violence Against Women Act—due to binding regulations that apply to those grant programs. Notice, Ex. A (Dkt. No. 42-1). Based on that representation, which Defendants memorialized in a letter, Plaintiffs did not include a challenge to the legal services restriction in their amended complaint. Notice (Dkt. No. 42).

On January 26, 2026, Defendant OVC issued new awards that included a new condition that DOJ had not previously announced and that had not been included in the corresponding notices of funding opportunity. The new condition resembles the "legal services for aliens" restriction that Plaintiffs had planned to challenge previously, before Defendants agreed it did not apply to the grants Plaintiffs and their members had at the time. The new condition (Immigrant Exclusion) bars grantees from using the grant funds to provide any services (not just legal services) to the same category of immigrants—"any removable alien (see 8 U.S.C. § 1229a(e)(2)) or any alien otherwise unlawfully present in the United States"—subject to certain exceptions.

Plaintiffs now seek leave to amend their complaint to challenge this new Immigrant Exclusion. To date, Defendants have not answered or moved to dismiss any complaint in this action. Plaintiffs had filed a motion for partial summary judgment addressing the claims in their original complaint, but not the claims in the amended complaint, in November 2025. Pls.' Mot. for Partial Summ. J. (Dkt. No. 45). Before Defendants' deadline for responding to that motion, the parties agreed to instead address all claims at once, with Plaintiffs filing an updated motion for summary judgment addressing all claims by February 13, 2026. Joint Mot. for Entry of Scheduling Order (Dkt. No. 48). With Defendants' assent, Plaintiffs previously requested, and the Court granted, a stay of that deadline pending resolution of this motion for leave to file an

amended complaint. Assented-To Mot. to Stay Briefing Deadlines (Dkt. No. 51); Text Order of February 9, 2026.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave" to amend a complaint "when justice so requires." This embodies a "liberal standard" favoring amendment. *U.S. ex rel. Ge v. Takeda Pharmaceutical Co. Ltd.*, 737 F.3d 116, 127 (1st Cir. 2013). Courts should "freely give[]" leave to amend absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs easily satisfy this standard. To begin, Plaintiffs have not unduly delayed seeking leave to amend. They notified Defendants and the Court of their intent to seek leave to amend the complaint eleven days after the relevant agency action came to light, Dkt. No. 51, and they are filing this motion to amend only two weeks later. They do not seek to amend in bad faith or for any dilatory purpose, nor have they failed to cure deficiencies by previously allowed amendments (indeed, there have been no deficiencies to cure).

Defendants, moreover, would suffer no undue prejudice from the amendment. They have not yet answered the operative complaint or filed a responsive pleading. And, in fact, granting leave to amend will be efficient for the parties and the Court, as the amended complaint involves claims by the same Plaintiffs against the same Defendants about conditions similar to ones already at issue in this litigation based on similar legal theories. *Cf. Carmona v. Toledo*, 215 F.3d

124, 136 (1st Cir. 2000) (reversing denial of leave to amend where "no new legal theories are involved in the amendment").

Finally, amendment would not be futile. A proposed amendment is considered futile only if it "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Plaintiffs' proposed amendment does not have that problem. With the amended complaint, Plaintiffs claim that the Immigrant Exclusion is unlawful under the APA and the Constitution, for substantially similar reasons that the other funding conditions at issue in this case are unlawful. This Court has already determined that Plaintiffs are likely to succeed on at least one of those claims. Mem. and Order at 10 (Dkt. No. 34). The amendment asserting similar claims against the Immigrant Exclusion is not futile.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs leave to file the proposed second amended complaint attached as Exhibit A.

February 20, 2026                           Respectfully submitted,

/s/ Kristin Bateman
Kristin Bateman (D.C. Bar No. 90037068)[+]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Daniel F. Jacobson (D.C. Bar No. 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)[+]
Nina C. Cahill (D.C. Bar No. 1735989)[+]

Kyla M. Snow (D.C. Bar No. 90036400)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com
kyla@jacobsonlawyersgroup.com


Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI


Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI


Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman