IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION AGAINST
DOMESTIC VIOLENCE, *et al.*

      *Plaintiffs*,

  v.

PAMELA BONDI, in her official capacity as United
States Attorney General, *et al.*,

      *Defendants*.

Case No. 1:25-cv-00279-MRD-PAS

**PLAINTIFFS' MOTION FOR PRELIMINARY RELIEF UNDER 5 U.S.C. § 705, FOR TEMPORARY RESTRAINING ORDER, AND FOR PRELIMINARY INJUNCTION**

For the reasons provided in the attached memorandum, Plaintiffs hereby move for preliminary relief under 5 U.S.C. § 705, for a temporary restraining order, and for a preliminary injunction, as set forth more fully below. Given an imminent March 12 deadline to accept a grant award subject to unlawful conditions, Plaintiffs respectfully request relief by March 11, 2026.

    1.    Plaintiffs move the Court to stay and/or preliminarily set aside the following under 5 U.S.C. § 705:

        a.  The policy of the Department of Justice's Office of Justice Programs (OJP) of imposing on new grants a condition providing that "[t]he recipient shall ensure that no funds provided under this award (or any subaward, at any tier) will be used to provide benefits or services to any removable alien (see 8 U.S.C. § 1229a(e)(2)) or any alien otherwise unlawfully present in the United States, but this prohibition shall not apply where such use is expressly authorized by law (or otherwise expressly allowable under the terms of this

1

    award) or where the prohibition would contravene any express requirement of any law, or of any judicial ruling, governing or applicable to the award" (Immigrant Exclusion);

    b. OJP's "General Condition" requiring FY 2025 OJP grant recipients to "agree[] that [their] compliance with all applicable Federal civil rights and nondiscrimination laws is material to the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act (31 U.S.C. 3729-3730 and 3801-3812)" and providing that "by accepting [an] award," the grant recipient "certifies that it does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable Federal civil rights or nondiscrimination laws" (OJP Anti-DEI Certification Requirement); and

    c. The inclusion of these conditions in OJP grants.

2.     Plaintiffs further move for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 providing as follows:

    a. Defendants Department of Justice, Office of Justice Programs, Office for Victims of Crime (OVC), Attorney General Pamela Bondi, acting head of OJP Maureen Henneberg, and acting head of OVC Katherine Darke Schmitt, and any person in active concert or participation with those parties, are enjoined from requiring any OJP funding recipient or subrecipient to agree to, and from enforcing, the OJP Anti-DEI Requirement or the Immigrant Exclusion.

    b. Defendants Department of Justice, Office of Justice Programs, Office for Victims of Crime (OVC), Attorney General Pamela Bondi, acting head of OJP

Maureen Henneberg, and acting head of OVC Katherine Darke Schmitt, and any person in active concert or participation with those parties, are enjoined from treating any certification that any OJP funding recipient or subrecipient has already made as valid or enforceable.

c. By the end of the third business day after issuance of the Order, Defendants must provide notice of the Order to all OJP employees and awardees and must file on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with the Order, including a copy of the notice and an explanation as to whom the notice was sent.

February 20, 2026   Respectfully submitted,

/s/ Kristin Bateman
Kristin Bateman (D.C. Bar No. 90037068)[+]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Daniel F. Jacobson (D.C. Bar No. 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)[+]
Nina C. Cahill (D.C. Bar No. 1735989)[+]
Kyla M. Snow (D.C. Bar No. 90036400)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com
kyla@jacobsonlawyersgroup.com


Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI


Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI


Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman
