# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION
AGAINST DOMESTIC VIOLENCE, *et al.*,

    Plaintiffs,

*v.*

PAMELA BONDI, *et al.*,

    Defendants.

Civil Action No.
1:25-cv-00279-MRD-AEM

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR AN EXPEDITED SCHEDULE**

## INTRODUCTION

Plaintiffs' request for expedited briefing is unwarranted. Their claimed "emergency" is the product of their own delay. Plaintiffs waited more than *three months* to seek emergency relief as to the Nondiscrimination Certification Requirement that was challenged in their first amended complaint. They also took no action for nearly a month after learning of the Unlawful Presence Exclusion before filing their present motion. Plaintiffs' delay has prejudiced both Defendants and this Court, forcing the Defendants to litigate on an artificially compressed timeline and requiring the Court to decide these issues with unnecessary haste. Plaintiffs' delay alone undercuts any claim of imminent irreparable harm. Moreover, the only asserted time-sensitive circumstance—a March 12 grant acceptance deadline for a single coalition member—can be fully addressed by Defendants' offer to extend that deadline to May 11, 2026. Because no genuine emergency exists and an orderly schedule will not prejudice Plaintiffs, expedited briefing is unnecessary. Defendants respectfully request the Court enter a briefing schedule on a reasonable timeline, as set forth below, and reserve all rights as to the merits of Plaintiffs' motion.

## BACKGROUND

This case was filed on June 16, 2025, by domestic violence and sexual assault coalitions challenging certain terms in the Notice of Funding Opportunities for grants administered by the Office on Violence Against Women within the Department of Justice. *See* Complaint, ECF No. 1; *Rhode Island Coal. Against Domestic Violence v. Bondi*, 794 F. Supp. 3d 58, 62 (D.R.I. 2025). On August 8, 2025, the Court stayed enforcement of certain challenged terms under 5 U.S.C. § 705. The parties thereafter agreed to a summary judgment briefing schedule, and Defendants produced the relevant administrative record. ECF Nos. 35–36.

Shortly before their initial summary judgment deadline, Plaintiffs sought additional time to assess additional DOJ grant conditions. ECF No. 39. In November 2025, Plaintiffs filed a first

1

amended complaint challenging a Fiscal Year 2025 OJP term requiring award recipients to certify compliance with federal civil rights or nondiscrimination laws when accepting an award offer ("Nondiscrimination Certification Requirement").  *See* Am. Compl.; *see also* OJP, *"General Conditions" for OJP Awards in FY 2025*, https://perma.cc/D3NX-3W9R.  Plaintiffs did not seek emergency relief at that time.

The Court entered a revised schedule, and the parties later agreed to resolve all claims through summary judgment briefing.  ECF No. 48.  Defendants produced the administrative record with respect to the Nondiscrimination Certification Requirement on January 23, 2026.  ECF No. 50.

One week before Plaintiffs' summary judgment motion was due under the revised schedule, Plaintiffs advised Defendants that they intended to seek leave to amend again and requested consent to a stay of the revised summary judgment schedule.  Plaintiffs stated that they intended to amend their complaint to challenge a term included in award offer letters OJP made on January 26, 2026, which states that funds should not be used to provide services to any removable alien or any alien otherwise unlawfully present in the United States, unless these services would be allowed by law or under the applicable award ("Unlawful Presence Exclusion").  They did not disclose to Defendants any intent to seek emergency relief.  The Court granted the requested stay on February 9, 2026.  ECF No. 51.

On February 20, 2026, nearly a month after learning of the newly challenged January 26, 2026 OJP term, and more than three months after amending their complaint to challenge the Nondiscrimination Certification Requirement, Plaintiffs moved for leave to file a second amended complaint and filed a motion for a temporary restraining order and preliminary relief.  Plaintiffs did not confer with Defendants before filing this motion.

Plaintiffs now request emergency relief by March 11, 2026, based on a March 12 deadline for one member of the Pennsylvania Coalition, Crisis Center North, to accept an Emergency and Transitional Pet Shelter and Housing Assistance for Victims of Domestic Violence Program grant (Pet Shelter and Housing Assistance grant). *See* Declaration of Susan Higginbotham dated February 19, 2026 ("Second Higginbotham Decl.") ECF No. 53-4, at ¶ 10–11. The Pennsylvania Coalition has been a Plaintiff since this lawsuit began and challenged the Nondiscrimination Certification Requirement in the November 2025 amended complaint. *See* First Amended Complaint, ECF No. 41, at ¶¶ 225–26; *see also* Declaration of Susan Higginbotham dated June 26, 2025 ("First Higginbotham Decl."), ECF No. 15-10, at ¶¶ 17–19.

Plaintiffs' motion does not mention any other deadlines or events that necessitate emergency relief. All other identified grantees appear either to have already accepted awards containing the challenged terms or do not face imminent acceptance deadlines.[1]

## ARGUMENT

**I.     PLAINTIFFS' DELAY UNDERCUTS ANY CLAIM OF EMERGENCY**

Inexplicable delay in seeking emergency relief "detracts from the movant's claim of irreparable harm." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir.

---

[1] Plaintiffs include declarations from five coalition Plaintiffs with their latest motion for emergency relief. *See* ECF Nos. 53-2–53-6. Only the Pennsylvania coalition declaration discusses a deadline to accept an award with challenged terms. *See* Second Higginbotham Decl. An anonymous California coalition member received an award letter to review and sign on January 27, 2026, but does not clarify whether the member accepted that award. *See* Declaration of Krista Colón, ECF No. 53-2, at ¶¶ 8–9. Plaintiff the Iowa Coalition represents that it was awarded an OVC passthrough grant in 2025 with a performance period starting in October 2025, and one of its members represents that it has been awarded a passthrough grant through the state of Iowa. *See* Declaration of Kirsten Faisal, ECF No. 53-3, at ¶¶ 11, 13. Similarly, Plaintiff the Montana Coalition represents that one of its members received an OVC passthrough grant in September 2025. *See* Declaration of Kelsen Young, ECF No. 53-6, at ¶ 7. Another Plaintiff, a Maryland coalition, accepted the funding conditions in January 2026. *See* Declaration of Jennifer Hill, ECF No. 53-5, at ¶ 8.

3

2004). Courts in this Circuit routinely hold that monthslong delays undermine claims of urgency. *See, e.g., Brennan v. Bos. Beer Co., Inc.*, No. CV 24-10029-GAO, 2025 WL 50365, at *2 (D. Mass. Jan. 8, 2025) (three-month delay undercuts a finding of irreparable harm); *La Simple Co, Ltd. v. SLP Enters., LLC*, No. CV 21-10058-LTS, 2021 WL 1648762, at *8 (D. Mass. Apr. 27, 2021) (two-month delay detracts from an irreparable harm claim).

Plaintiffs delayed more than three months in seeking emergency relief as to the DEI Certification Requirement. They added that claim in November 2025 but never sought interim relief despite ongoing grant activity.

Plaintiffs likewise delayed nearly a month after learning of the Unlawful Presence Exclusion on January 26, 2026, before filing this motion on February 20. Such delay is incompatible with a claim that relief must issue on an emergency basis within days. Plaintiffs' timing confirms that no true emergency exists, and expedited briefing is unwarranted.

## II.    AN EXPEDITED SCHEDULE IS UNNECESSARY

Plaintiffs' asserted urgency rests on a single March 12, 2026 acceptance deadline affecting a single grantee, Pennsylvania Coalition member CCN. On the same day that Plaintiffs filed their emergency motion, Defendants promptly offered to extend CCN's deadline to permit full briefing and consideration by the Court. Plaintiffs declined, asserting only that such an extension would not provide relief during the pendency of the motion, without providing any further explanation.

Defendants are willing to extend CCN's acceptance deadline to at least May 11, 2026 and to confer further regarding scheduling. That extension eliminates the only claimed imminent harm and affords adequate time for orderly briefing. It also avoids imposing unnecessary time pressure on the Court to issue a decision in short order.

Given Plaintiffs' delay and Defendants' willingness to extend the only relevant deadline identified by Plaintiffs, there is no basis for emergency or accelerated briefing. Plaintiffs waited

4

months to bring their motion to the Court's attention and doubtlessly used that time to prepare their submission. Fairness requires that Defendants have a reasonable time to respond.

## CONCLUSION

Because Plaintiffs have not demonstrated genuine urgency and because Defendants are prepared to extend CCN's acceptance deadline, expedited briefing is unwarranted. Defendants respectfully propose the following schedule:

- **Friday, March 13, 2026:** Defendants file their opposition to Plaintiffs' motion to amend their complaint (ECF No. 52) and motion for emergency relief (ECF No. 53);

- **Friday, March 27, 2026:** Plaintiffs file their reply in support of their motions;

- **Hearing:** At the Court's convenience.

This schedule would provide Defendants with reasonable time to respond to Plaintiffs' motions and enable the Court to decide the matter well before any deadline for CCN to accept their grant award. Defendants reserve all rights to oppose Plaintiffs' motions on the merits.

Dated: February 24, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

*/s/ Kathryn Barragan*
KATHRYN BARRAGAN (BBO #714075)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005

5

                Tel.: (202) 598-7696
                Fax: (202) 616-8460
                Email: kathryn.e.barragan@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Kathryn Barragan*