IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION
AGAINST DOMESTIC VIOLENCE, *et al.*,

    Plaintiffs,

v.

PAMELA BONDI, *et al.*,

    Defendants.

Civil Action No.
1:25-cv-00279-MRD-AEM

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION**

## INTRODUCTION

Plaintiffs seek partial reconsideration of the Court's February 25, 2026 Order solely as to one challenged grant term—the Unlawful Presence Exclusion—and only as to three grantees: (1) an anonymous member of the California Coalition, (2) the Maryland Coalition, and (3) Crisis Center North ("CCN"), a member of the Pennsylvania Coalition. They request immediate, emergency relief on a truncated timeline. The request should be denied.

## ARGUMENT

"'While the Federal Rules [of Civil Procedure] do not provide for a "motion to reconsider," a district court has the inherent power to reconsider its interlocutory orders, and we encourage it do so where error is apparent.'" *Lincoln Nat. Life Ins. Co. v. Wilmington Tr. Co.*, No. CA 08-74 S, 2013 WL 4042659, at *3 (D.R.I. Aug. 9, 2013) (quoting *Fernandez-Vargas v. Pfizer,* 522 F.3d 55, 61 n. 2 (1st Cir.2008)). However, granting a motion to reconsider is "an extraordinary remedy" and "should be used sparingly '[u]nless the court has misapprehended some material fact or point of law.'" *Id.* (quoting *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir.2006)). Plaintiffs' motion does not meet that standard and should be denied.

Plaintiffs now argue that CCN needs the funding immediately and that the extended May 11, 2026 acceptance deadline will not remedy its harm. But CCN's full award amount will remain available in May should CCN accept that award, and the Court's existing schedule permits preliminary relief well before that date.

Plaintiffs also now emphasize two grantees who have already accepted awards containing the challenged term: an anonymous California coalition member and the Maryland Coalition. Those grantees accepted their awards on or around January 28, 2026. *See* Declaration of Krista Colón, ECF No. 53-2 ("Colón Decl."), at ¶ 8; Declaration of Jennifer Hill, ECF No. 53-5 ("Hill Decl."), at ¶ 8. They have therefore been subject to the challenged term for nearly a month.

1

Plaintiffs do not explain why relief is required by mid-March rather than April or early May—particularly given the already expedited schedule. In short, there is no imminent harm that justifies reconsideration or emergency relief outside the schedule the Court has already set.

Plaintiffs propose that the government suspend application of the Unlawful Presence Exclusion in active grant awards until May 11, 2026. But because the California coalition member is anonymous, Defendants could not limit such relief to discrete plaintiffs subject to the award. Instead, Defendants would be compelled to suspend the term across all active grants containing it, including dozens of grants held by non-parties who have not objected to the term.

Such relief would not preserve the status quo; it would alter it. The challenged term is already operative in active grants. Plaintiffs and other grantees are currently subject to it. A suspension would expand beyond the named Plaintiffs and affect numerous non-party grant recipients. That sweeping and disruptive result is especially unwarranted given the absence of any true emergency and the Court's already expedited schedule and potential preliminary injunctive relief.[1]

Plaintiffs also contend in a footnote that Defendants should have provided advance notice that the Unlawful Presence Exclusion would be in award offers. There is no such obligation. Plaintiffs have named as Defendants three grantmaking offices in the Department of Justice that collectively administer over a hundred programs and over ten thousand active grants nationwide. Requiring advance notice to Plaintiffs of new or revised grant terms across programs would be unworkable—particularly where Defendants do not know which programs or grants Plaintiffs intend to challenge or which coalition members may be affected. Case in point: the letter that Plaintiffs previously requested from Defendants' counsel clarified a different term regarding

---

[1] The Unlawful Exclusion Term echoes a preexisting requirement in 8 U.S.C. § 1373(a).

legal services, as applied to Victims of Crime Act (VOCA) Victim Assistance Grants, *see* ECF No. 42-1, while the Unlawful Presence Exclusion term applies to the FY2025 Services for Victims of Crime grant and the Pet Shelter Grant, *see* Colón Decl., ¶ 8; Declaration of Susan Higginbotham dated February 19, 2026 ("Second Higginbotham Decl.") ECF No. 53-4, at ¶ 9; Hill Decl., ¶ 8.

The November 2025 letter Plaintiffs reference concerned a different grant term and was provided only after Plaintiffs raised concerns and indicated they were considering amending their complaint. Defendants' counsel prepared that letter at Plaintiffs' request in an effort to clarify issues and avoid unnecessary litigation. Here, by contrast, Plaintiffs did not confer with Defendants before filing their emergency motion. Had they done so, alternative avenues like the prior letter might have been explored. Plaintiffs' failure to confer does not justify reconsideration or expedited relief.

Finally, Plaintiffs' proposal is unworkable because it would fragment this case into multiple rounds of expedited briefing. If granted, the Parties would be required to brief (a) a motion for leave to amend, (b) a TRO motion limited to one term and a subset of Plaintiffs, and (c) potentially participate in a TRO hearing. And then immediately the Parties would proceed to preliminary injunction briefing as to the remaining challenged term and remaining Plaintiffs.

This piecemeal approach would impose significant burdens on the Court and the Parties and result in duplicative briefing and hearings. The Court's current consolidated schedule avoids that inefficiency while still providing prompt consideration of Plaintiffs' claims. Reconsideration should be denied where it would complicate and fragment proceedings without any corresponding necessity.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for partial reconsideration.

Dated: February 27, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

*/s/ Kathryn Barragan*
KATHRYN BARRAGAN (BBO #714075)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-7696
Fax: (202) 616-8460
Email: kathryn.e.barragan@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2026, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Kathryn Barragan*
