IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> PAMELA BONDI, in her official capacity as United States Attorney General, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00279-MRD-PAS |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION OF FEBRUARY 25 TEXT ORDER
CONVERTING MOTION FOR TEMPORARY RESTRAINING ORDER TO MOTION
FOR PRELIMINARY INJUNCTION**

What Defendants' opposition misses is that—right now—the unlawful Immigrant Exclusion is causing irreparable harm to Plaintiffs and their members, for all the reasons Plaintiffs have explained. Dkt. No. 53-1 at 12-25, 29-32; Dkt. No. 55 at 1-3. It is no answer that the "full award amount" will be available later to the grantee that has not yet accepted the award. Defs.' Opp. at 1. That will not turn back the clock and allow it to provide critical services *now*. And it is no different for the grantees that already accepted their awards. For them, too, the unlawful Immigrant Exclusion puts them in an impossible position: They must either deny services to victims who cannot prove their status (harming their own missions and undermining the trust the community has in them), delay providing services with grant funds at all, or expose themselves to significant risk if they end up helping a victim who falls in one of the Immigrant Exclusion's ill-defined categories. In "times of crisis, when someone faces domestic violence … [,] it practically goes without saying that there can be no do over and no redress if services are

1

unlawfully denied and someone suffers for it." *New York v. U.S. Dep't of Justice*, 804 F. Supp. 3d 294, 330 (D.R.I. 2025) (cleaned up).

Defendants also widely miss the mark with their offhand suggestion that the Immigrant Exclusion is not really causing harm because it merely "echoes a preexisting requirement in 8 U.S.C. § 1373(a)." Defs.' Opp at 2 n.1. The provision Defendants cite forbids state and local policies that restrict "any government entity or official" from sharing information about individuals' immigration status with the Immigration and Naturalization Service. 8 U.S.C. § 1373(a). That in no way requires organizations like Plaintiffs and their members to verify individuals' immigration status before providing services.

In the face of the harms the Immigrant Exclusion is causing, Defendants' concerns about the "inefficiency" of separate proceedings for Plaintiffs' request for a temporary restraining order have no purchase. Defs.' Opp. at 3. Besides, Defendants' efficiency concerns do not support allowing them *longer* than the local rules provide to respond to Plaintiffs' requests for preliminary relief. If the Court does not wish to hold separate TRO proceedings on the Immigrant Exclusion, Plaintiffs respectfully request that, as an alternative, it require briefing on Plaintiffs' motion in accordance with the timing provisions of the local rules. Under the local rules, Defendants' opposition to Plaintiffs' motion for preliminary relief would be due on March 6. LR cv 7(3)-(4). Plaintiffs could then file their reply promptly so that the full motion is ripe for the Court's decision as soon as possible. A more extended schedule is particularly unwarranted given that the only other condition as to which Plaintiffs seek preliminary relief—an Office of Justice Programs requirement that grantees make an anti-DEI certification—is identical to a condition imposed by another DOJ component that the parties already briefed and this Court has

already found likely unlawful and preliminarily stayed. *See* Order at 7, 26-27 (Dkt. No. 34) (staying anti-DEI certification imposed by DOJ's Office for Violence Against Women).

| | |
|---|---|
| March 1, 2026 | Respectfully submitted, |
| | */s/ Kristin Bateman* |
| | Kristin Bateman (D.C. Bar No. 90037068)[+] |
| | Robin F. Thurston (D.C. Bar No. 1531399)[+] |
| | Skye L. Perryman (D.C. Bar No. 984573)[+] |
| | Democracy Forward Foundation |
| | P.O. Box 34553 |
| | Washington, D.C. 20043 |
| | (202) 448-9090 |
| | kbateman@democracyforward.org |
| | rthurston@democracyforward.org |
| | sperryman@democracyforward.org |
| | |
| | Daniel F. Jacobson (D.C. Bar No. 1016621)[+] |
| | Lynn D. Eisenberg (D.C. Bar No. 1017511)[+] |
| | Brian C. Rosen-Shaud (D.C. Bar No. 90042065)[+] |
| | Nina C. Cahill (D.C. Bar No. 1735989)[+] |
| | Kyla M. Snow (D.C. Bar No. 90036400)[+] |
| | Jacobson Lawyers Group PLLC |
| | 1629 K Street NW, Suite 300 |
| | Washington, DC 20006 |
| | (301) 823-1148 |
| | dan@jacobsonlawyersgroup.com |
| | lynn@jacobsonlawyersgroup.com |
| | brian@jacobsonlawyersgroup.com |
| | nina@jacobsonlawyersgroup.com |
| | kyla@jacobsonlawyersgroup.com |
| | |
| | Amy R. Romero (RI Bar # 8262) |
| | DeLuca, Weizenbaum, Barry & Revens, Ltd. |
| | 199 North Main Street |
| | Providence, RI 02903 |
| | (401) 453-1500 |
| | Amy@dwbrlaw.com |
| | Cooperating counsel, Lawyers' Committee for RI |
| | |
| | Lynette Labinger (RI Bar # 1645) |

3

        128 Dorrance St., Box 710
        Providence, RI 02903
        (401) 465-9565
        ll@labingerlaw.com
        Cooperating counsel, ACLU Foundation of RI

        Lauren A. Khouri (D.C. Bar No. 10282288)[+]
        Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
        National Women's Law Center
        1350 I Street NW, Suite 700
        Washington, DC 20005
        Telephone: (202) 588-5180
        Fax: (202) 588-5185
        lkhouri@nwlc.org
        etheran@nwlc.org

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2026, I electronically filed the within document and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                              */s/ Kristin Bateman*
                                              Kristin Bateman