**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

RHODE ISLAND COALITION AGAINST
DOMESTIC VIOLENCE, *et al.*

      *Plaintiffs,*

    v.

TODD BLANCHE, in his official capacity as
Acting United States Attorney General, *et al.*,

      *Defendants*.

Case No. 1:25-cv-00279-MRD-PAS

**PLAINTIFFS' MOTION TO CLARIFY APRIL 17, 2026, ORDER GRANTING
PRELIMINARY RELIEF UNDER 5 U.S.C. § 705**

On April 17, this Court entered an order granting Plaintiffs' motion for preliminary relief

and "preliminarily stay[ing] Defendants' implementation of" certain grant conditions "pursuant

to Section 705 of the APA." Order at 13 (Dkt. No. 63). Thereafter, Defendants filed a Notice of

Compliance (Dkt. No. 64), which indicated that Defendants narrowly interpret the order to stay

the Conditions only as to three grant programs. No such limitation appears in the Court's order.

After Defendants filed their Notice, Plaintiffs sought to resolve this matter with Defendants, but

could not reach resolution. Plaintiffs now respectfully move the Court to confirm that the order

stays the Immigration Condition and DEI Condition in full, not just DOJ's application of those

conditions to grants under three particular grant programs. Defendants state that they oppose this

motion.

As grounds for this motion to clarify, Plaintiffs state the following:

1.      Plaintiffs sought preliminary relief with respect to two new conditions that DOJ is

imposing on grants: the "Immigrant Condition," which bars grantees from using grant funds to

1

serve "removable aliens" or people who are "unlawfully present," and the "DEI Condition,"
which requires grantees to certify that they do not engage in diversity, equity, or inclusion
activities that violate federal anti-discrimination law and to agree that their compliance is
"material" for False Claims Act purposes. *See* Dkt. No. 53.

2.      On April 17, this Court entered an order granting Plaintiffs' motion for
preliminary relief. Order at 14 (Dkt. No. 63). In particular, that order "preliminarily stay[s]
Defendants' implementation of these Conditions"—the Immigration Condition and DEI
Condition—"pursuant to Section 705 of the APA." *Id.* at 13.

3.      On April 27, Defendants filed a "Notice of Compliance with the Court's April 17,
2026 Order." Dkt. No. 64. In that Notice, Defendants state that the Court's stay applies "to
inclusion of the challenged terms in three grant programs: (1) grants provided by the Victims of
Crime Act ("VOCA"); (2) additional VOCA grants that provide services for victims of crimes;
and (3) Pet Shelter grants that provide funding for both survivors of domestic violence and their
pets." *Id.* at 1-2 (cleaned up). Defendants acknowledge that the Court's order does not apply
"solely to the Plaintiffs in this case," *id.* at 2, yet claim that the stay is limited to three grant
programs, even though the stayed Conditions are not limited to those three programs.

4.      Defendants' interpretation that the Court's order is limited to just three particular
grant programs is inconsistent with how a Section 705 stay operates as well as the terms of the
Court's order. Plaintiffs respectfully request that the Court confirm that its order applies to the
Conditions generally.

5.      A Section 705 stay "operates upon the [agency action] itself," such as "by
temporarily divesting a rule or policy of enforceability." *Orr v. Trump*, 778 F. Supp. 3d 394, 430
(D. Mass. 2025) (cleaned up). Here, the relevant agency actions are the Immigration Condition

2

and the DEI Condition (which OJP has included in its General Terms as applicable to all OJP grants). Because those Conditions have been stayed, those Conditions currently have no effect and are "divest[ed] … of enforceability," *id.*, no matter which grant program DOJ might attempt to apply them to.

6.      As to the terms of the Court's order, the order "preliminarily stay[s] Defendants' implementation of these Conditions pursuant to Section 705 of the APA," period, and does not limit that stay to any particular grant programs. *See* Order at 13. The order also grants Plaintiffs' motion, which requested a stay of OJP's policy "of imposing on new grants" the Immigration Condition, the OJP "General Condition" requiring the DEI certification, and "[t]he inclusion of these conditions in OJP grants." Order at 14; Pls.' Mot. for Preliminary Relief at 1-2 (Dkt. No. 53). Moreover, nothing in the Court's reasoning suggests that the Conditions are likely unlawful only with respect to the three grant programs Defendants single out. *See generally* Order at 9-10.

7.      Clarifying that the order stays the Immigration Condition and the DEI Condition, and not just DOJ's application of those Conditions to particular grants, will also ensure that Plaintiffs need not burden the Court with additional iterative litigation to seek relief whenever Plaintiffs receive a new grant subject to the same unlawful Conditions.

April 30, 2026                              Respectfully submitted,

                                            */s/ Kristin Bateman*
                                            Kristin Bateman (D.C. Bar No. 90037068)[+]
                                            Robin F. Thurston (D.C. Bar No. 1531399)[+]
                                            Skye L. Perryman (D.C. Bar No. 984573)[+]
                                            Democracy Forward Foundation
                                            P.O. Box 34553
                                            Washington, D.C. 20043
                                            (202) 448-9090
                                            kbateman@democracyforward.org
                                            rthurston@democracyforward.org
                                            sperryman@democracyforward.org

Daniel F. Jacobson (D.C. Bar No. 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)[+]
Nina C. Cahill (D.C. Bar No. 1735989)[+]
Kyla M. Snow (D.C. Bar No. 90036400)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com
kyla@jacobsonlawyersgroup.com


Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI


Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI


Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman