**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> TODD BLANCHE, in his official capacity as Acting United States Attorney General, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-00279-MRD-AEM |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY THE COURT'S APRIL 17, 2026 ORDER GRANTING PRELIMINARY RELIEF UNDER 5 U.S.C. § 705**

Defendants respectfully oppose Plaintiffs' Motion to Clarify the Court's April 17, 2026 Order. *See* ECF No. 65. Plaintiffs do not seek clarification of any ambiguity in the Court's Order. Instead, they seek to expand the Order beyond the Court's findings and legal conclusions, which were expressly tied to the specific grant programs and statutory provisions at issue in Plaintiffs' motion.

Defendants reasonably understood the Court's Order to stay the implementation of two challenged conditions as applied to all current and future grants issued under the three grant programs identified in Plaintiffs' motion and addressed in the Court's opinion. *See* ECF No. 64. The stay therefore applies not only to the grants awarded to Plaintiffs, but also to grants awarded to non-parties under those three same programs. Nothing in the Court's Order, however, suggests that the stay applies to hundreds of other grant programs administered by the Department of Justice

1

that Plaintiffs do not challenge in this case.

Defendants continue to object to any relief extending beyond the Plaintiffs and maintain that such relief is inconsistent with the Supreme Court's decision in *Trump v. CASA, Incorporated*, 606 U.S. 831 (2025), and the principles governing relief under 5 U.S.C. § 705. *See Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 996 (9th Cir. 2025) (limiting the scope of a Section 705 stay to the plaintiffs in light of *CASA*). But even accepting the Court's broader stay, the relief cannot properly extend beyond the three grant programs Plaintiffs challenged and the Court analyzed. Plaintiffs have already received complete relief through a Section 705 stay applicable to those programs. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.").

Plaintiffs' present motion should therefore be denied. If the Court issues any clarification, it should confirm that the April 17, 2026 Stay Order applies only to the three grant programs identified in Plaintiffs' emergency motion and analyzed in the Court's opinion.

1.    **The Court's Findings and Legal Conclusions Were Expressly Tied to the Grant Programs Challenged in Plaintiffs' Motion.**

The Court granted preliminary relief under 5 U.S.C. § 705 in response to Plaintiffs' emergency motion challenging two grant conditions imposed in connection with three specific grant programs administered by the Office for Victims of Crime ("OVC") within the Department of Justice's Office of Justice Programs ("OJP"). *See* Memorandum and Order dated April 17, 2026, ECF No. 63 ("Op."). Specifically, the Court framed Plaintiffs' challenge as one to "Defendants' attachment of these Conditions to the following three grant programs: (1) grants provided by the Victims of Crime Act ("VOCA"); (2) additional VOCA grants that provide services for victims of crimes; and (3) Pet Shelter grants that provide funding for both survivors of domestic violence and their pets." *Id.* at 1–3 (cleaned up). The Court did not frame the motion as a challenge to the

2

conditions in the abstract or to every grant program administered by the Department of Justice. *Id.* at 3.

The scope of the Court's relief must be understood in light of the Order's underlying analysis. The Court's reasoning repeatedly turned on the statutory criteria governing "each of the three grant programs at issue here." *Id.* at 8 (citing 34 U.S.C. §§ 20103(a)–(c), 20111(c)(3), and 20127(1)–(5)).

The Court's standing analysis, for example, rests on the fact that a subset of Plaintiffs directly received money from the three grants with the challenged terms. *Id.* at 6. Plaintiffs therefore established standing only as to the three grant programs before the Court. *Id.* at 6–7. Nor could Plaintiffs raise a challenge to any other programs, because they would lack standing to do so. "[S]tanding is not dispensed in gross," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021), and "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *Id.*

The Court likewise rejected Defendants' argument under 5 U.S.C. § 701(a)(2) based on the statutes authorizing the three specific grant programs before it. The Court concluded that "each of the three grant programs at issue here set forth eligibility criteria that allow the Court to determine whether Defendants properly used their discretion." Op. at 8 (citing 34 U.S.C. §§ 20103(a)-(c), 20111(c)(3), 20127(1)-(5)). The Court's reasoning cannot extend to other OJP or Department of Justice grant programs governed by different statutes, addressing different subject matters, and containing materially different eligibility criteria.

The Court's irreparable harm analysis was similarly program specific. *Id.* at 11. The Court found irreparable harm based on the reputational and operational burdens Plaintiffs would face as providers of services to survivors of domestic violence, including the "reputational harm that

3

would result from Plaintiffs' attempt to obtain immigration information from recent survivors of domestic violence" as well as a "trial-and-error approach" that Plaintiffs as domestic violence providers would need to undertake in administering services. *Id.* Those findings were tied to the nature of Plaintiffs' work and the specific domestic violence services funded through the challenged programs. *Id.* at 11–12. They have no application to unrelated Department of Justice grant programs not received by Plaintiffs that do not involve services to survivors of domestic violence or sexual assault. Accordingly, extending the stay beyond the three grant programs at issue would exceed what is necessary to provide Plaintiffs with complete relief and would impose burdens beyond those justified by the Court's findings.

>    **2.    The Court's Previous Stay Order Was Likewise Limited to Grant Programs Authorized by the Violence Against Women Act.**

Limiting the April 17, 2026 Stay Order to the three grant programs at issue is also consistent with the Court's prior stay order entered on August 8, 2025. *See* ECF No. 34. There, the Court stayed certain conditions attached to Notices of Funding Opportunity for grant programs authorized under a single statute: the Violence Against Women Act ("VAWA"). *Id.* at 1.

As in the April 17, 2026 Order, the Court's reasoning in the August 8 Order was tied to the specific statutory framework governing the challenged programs. The Court discussed the background of the Violence Against Women Act and the grant programs authorized under the statute. *Id.* at 3. Its analysis under 5 U.S.C. § 701(a)(2) considered the "relevant VAWA statutes" authorizing the grant programs and concluded they "provide[d] meaningful internal standards" of review. *Id.* at 16. And its irreparable harm analysis—like the analysis of the April 2025 stay order—is limited to potential compliance difficulties Plaintiffs may face in providing services to domestic violence survivors. *Id.* at 23–24.

The Court thus previously tailored relief to the specific grant programs and statutory

4

schemes before it, and the same limit applies here.

### 3. Plaintiffs Seek to Expand the Stay to Unrelated Grant Programs Never Presented to or Analyzed by the Court.

Plaintiffs' requested "clarification" would dramatically expand the Court's Order beyond the grant programs actually litigated in this case. As framed by Plaintiffs, the stay would extend to all OJP grant programs—and potentially Department of Justice grant programs generally— including dozens of additional programs wholly unrelated to domestic violence or the statutory provisions analyzed in the Court's opinion. *See* ECF No. 65 at 1, ¶ 7.

The Department of Justice's grantmaking apparatus is vast. OJP, a component within the Department of Justice, has six program offices. One of them is OVC, the office that administers the grant programs at issue here, among many others. *See* DOJ OJP, *Program Offices*, https://www.ojp.gov/about#program-offices.

OJP's offices collectively administer over one hundred grant programs covering a wide range of subject matters entirely unrelated to this litigation. *Id.* Some examples include grant programs addressing missing and unidentified human remains, prescription drug monitoring, and body-worn camera implementation for law enforcement agencies. *See* DOJ OJP, *Past Funding Opportunities*, https://www.ojp.gov/funding/explore/past-funding-opportunities; *see also* DOJ OJP, *Current Funding Opportunities*, https://www.ojp.gov/funding/explore/current-funding-opportunities.

In short, the Department of Justice's grant programs are authorized under different statutes, involve different policies, and have different types of recipients than the three grant programs before the Court. Extending the stay beyond the three programs at issue here would therefore create a materially broader remedy untethered to the Court's analysis and findings. That theory would mean a grantee with standing to challenge a single grant program could obtain sweeping relief

affecting hundreds of grant programs and thousands of grants across the entire Department of Justice. Allowing such broad relief would not constitute a clarification. Rather, it would constitute a new and broader remedy far beyond the claims for which Plaintiffs have standing to litigate.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion should be denied.


Dated: May 14, 2026                                     Respectfully submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General
                                                        Civil Division

                                                        ERIC J. HAMILTON
                                                        Deputy Assistant Attorney General

                                                        ANDREW WARDEN
                                                        Assistant Branch Director

                                                        */s/ Kathryn Barragan*
                                                        KATHRYN BARRAGAN (BBO #714075)
                                                        Trial Attorney, U.S. Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, N.W.
                                                        Washington, D.C. 20005
                                                        Tel.: (202) 598-7696
                                                        Fax: (202) 616-8460
                                                        Email: kathryn.e.barragan@usdoj.gov

                                                        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2026, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Kathryn Barragan*