IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION AGAINST
DOMESTIC VIOLENCE, *et al.*

*Plaintiffs*,

v.

TODD BLANCHE, in his official capacity as
Acting United States Attorney General, *et al.*,

*Defendants*.

Case No. 1:25-cv-00279-MRD-PAS

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY APRIL 17, 2026, ORDER GRANTING PRELIMINARY RELIEF UNDER 5 U.S.C. § 705**

Defendants fundamentally misunderstand the nature of a Section 705 stay when they contend that the Court's order stays the DEI Condition and Immigration Condition (collectively, the Conditions) only with respect to grants under three particular grant programs. A Section 705 stay "operates upon the [agency action] itself" and "temporarily divest[s] [it] of enforceability." *Orr v. Trump*, 778 F. Supp. 3d 394, 430 (D. Mass. 2025) (cleaned up); *accord, e.g.*, *Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313, at *35 (D.C. Cir. Nov. 22, 2025) ("Section 705 stays operate on the legal source of authority for an agency to act at all."); *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 603 U.S. 799, 838 (2024) (Kavanaugh, J., concurring) (explaining that the APA authorizes courts "to act directly against the challenged agency action" (cleaned up)). For that reason—as this Court already recognized—a Section 705 stay is not limited to blocking application of an agency action to the plaintiffs. Mem. & Order at 12-13 (Dkt. No. 63). Rather, it stays the "agency action[] *in toto*." *Make the Road*, 2025 WL 3563313, at *36. For the same reason, the stay here is not, and should not be, limited to blocking

1

application of the Conditions to three particular grant programs—as that would fail to stay the relevant agency actions in their entirety.

This proper understanding of a Section 705 stay confirms that the Court's order is not (and should not be) limited to particular grant programs. The challenged agency actions—the DEI Condition and Immigration Condition—are not limited to the three particular grant programs that Defendants highlight, but rather apply to OJP grant programs generally. The DEI Condition appears in the "General Conditions" that by their express terms apply to "all (or virtually all) awards" OJP makes in FY 2025. OJP, *"General Conditions" for OJP Awards in FY 2025*, https://perma.cc/D3NX-3W9R. And Defendants have never disputed Plaintiffs' claim that OJP likewise has adopted an OJP-wide policy of imposing the Immigration Condition on all OJP grants going forward. *See* Mem. i.s.o. Pls.' Mot. for Prelim. Relief at 6 (Dkt. No. 53-1). Because a Section 705 stay suspends an agency action "*in toto*," *Make the Road*, 2025 WL 3563313, at *36, the stay here suspends the Conditions, period, and does not merely block the Conditions' application to particular grant programs.

All of Defendants' arguments seeking to limit the Court's stay here rest on a misunderstanding of how Section 705 stays operate or otherwise miss the mark.

*First*, the Court's reasoning does not suggest the Section 705 stay is or should be limited to the three grant programs that Defendants highlight. Defendants object (at 3-4) that Plaintiffs established standing and irreparable harm only with respect to those three programs. But that is incorrect: As the Court held, "Plaintiffs have established standing to challenge *the Conditions*" and shown that "they will face irreparable harm from the imposition of *the Conditions*"—as the Conditions were the agency actions that Plaintiffs challenged. Mem. & Order at 6, 11 (Dkt. No.

2

63) (emphasis added). The Court therefore could properly stay the challenged actions—the Conditions—as a general matter.

Defendants relatedly object (at 4) that staying the Conditions in toto "would exceed what is necessary to provide Plaintiffs with complete relief," but that ignores the nature of a Section 705 stay. Although the Supreme Court held in *Trump v. CASA, Inc.*, that "'*[i]njunctive relief* should be no more burdensome … than necessary to provide complete relief to the plaintiffs,'" that limitation does not apply to relief under the APA. 606 U.S. 831, 852 (2025) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)) (cleaned up; emphasis added); *id.* at 847 n.10 (emphasizing that nothing in the *CASA* decision "resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action"); *see also, e.g.*, *Make the Road*, 2025 WL 3563313, at *34 (explaining that *CASA* does not affect "the scope of stay relief under the APA").

Defendants also point out (at 3) that the Court looked to the statutes governing the three grant programs in assessing Defendants' claim that Congress committed to the agency's discretion the decision about what conditions to impose. But the Court assessed those statutes because those are the statutes *Defendants* pointed to in claiming the matter was committed to their discretion. *See* Defs.' Opp. to Pls.' Mot. for Preliminary Inj. and for Leave to File a Second Am. Compl. at 20-22 (Dkt. No. 58). Defendants do not claim that any other statute has "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), the decision to impose the Conditions across OJP grants generally—so there is nothing more for the Court to analyze.

**Second,** Defendants err in contending (at 4-5) that limiting the instant stay order would be "consistent with" the "prior stay order" entered in this case. Defendants point out (at 4) that the earlier stay order stayed conditions imposed on grants authorized under a single statute, the

3

Violence Against Women Act—but that is because those conditions *only applied* to grants under that statute. The prior order stayed the conditions in full, as to all the programs to which they applied. The consistent approach here is to likewise stay the OJP DEI Condition and Immigration Condition in full, as to all the programs to which they apply—not to limit the stay to the three grant programs Defendants highlight.

**Third,** Defendants again misunderstand the nature of a Section 705 stay in contending that staying the Conditions for all OJP grant programs would improperly affect "unrelated grant programs never presented to or analyzed by the Court." Defs.' Opp. at 5 (capitalization altered). A Section 705 stay "operates upon the [agency action] itself," *Orr*, 778 F. Supp. 3d at 430, and suspends it "*in toto*," *Make the Road*, 2025 WL 3563313, at *36. Thus, the stay suspends the Conditions, and does not (as Defendants would have it) merely block their application to particular programs, just as it does not merely block their application to particular plaintiffs. Moreover, nothing about the Court's reasoning suggests that the Conditions are unlawful only as to the three grant programs that Defendants highlight. As the Court held, Defendants "failed to justify these grant Conditions at all" and failed to consider multiple consequences they would cause. Mem. & Order at 9-10 (Dkt. No. 63). That makes the Conditions arbitrary and capricious and justifies staying them under the APA.

The Court should reject Defendants' attempt to limit the ordinary scope of the Section 705 stay in this case and should confirm that the Immigration Condition and DEI Condition are stayed in full, and thus do not apply to any grants administered by the Office of Justice Programs.

May 21, 2026                                    Respectfully submitted,

                                                */s/ Kristin Bateman*
                                                Kristin Bateman (D.C. Bar No. 90037068)[+]

Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org


Daniel F. Jacobson (D.C. Bar No. 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)[+]
Nina C. Cahill (D.C. Bar No. 1735989)[+]
Kyla M. Snow (D.C. Bar No. 90036400)[+]
Jacobson Lawyers Group PLLC
5100 Wisconsin Avenue, NW, Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com
lynn@jacobsonlawyersgroup.com
brian@jacobsonlawyersgroup.com
nina@jacobsonlawyersgroup.com
kyla@jacobsonlawyersgroup.com


Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI


Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI


Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth E. Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700

5

Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2026, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman