**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE *et al*,<br>*Plaintiffs*,<br>v.<br>TODD BLANCHE, *et al*,<br>*Defendants*. | Case No. 1:25-cv-00279-MRD-PAS |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

For the reasons provided in the attached memorandum, Plaintiffs hereby move for summary judgment on the claims in their First Amended Complaint, pursuant to Federal Rule of Civil Procedure 56.[1]

Plaintiffs request that the Court:

- (1) declare unlawful, vacate, and set aside the Office on Violence Against Women (OVW) Anti-DEI Certification and Office of Justice Programs (OJP) Anti-DEI Certification, the OVW "Out-of-Scope" Conditions, and the OJP Immigration Condition and Defendants' policies of imposing those conditions on all grants administered by OVW and OJP, respectively;
- (2) permanently enjoin Defendants and anyone acting in concert or participation with them from treating any challenged certification that an applicant already signed as effective and requiring them, in making any award, to clarify that the

[1] Plaintiffs previously filed a motion for partial summary judgment that addressed only certain claims in the case. Dkt. No. 45. This motion amends and supersedes that previously filed motion.

previously made certification is null and void and that the challenged conditions do not apply;

- (3) permanently enjoin Defendants and anyone acting in concert or participation with them from disqualifying any applicant from consideration or otherwise disadvantaging the applicant based on the applicant's refusal to submit a compliant certification pursuant to, or to otherwise agree to, the challenged conditions; and
- (4) permanently enjoin Defendants and anyone acting in concert or participation with them from imposing or enforcing the challenged conditions or any substantially similar conditions via any new agency action.

In support of the motion, Plaintiffs rely on the accompanying Memorandum, the accompanying declarations, the Administrative Record, the pleadings and papers on file in this action, and any argument and evidence presented at the hearing of this motion. At the parties' request, the Court previously granted the parties leave to dispense with the requirement under Local Civil Rule 56(a) to submit Statements of Undisputed Facts and responses thereto. Text Order (Oct. 16, 2025).

Pursuant to Local Rule 7(c), Plaintiffs request oral argument for this motion to the extent the Court would find argument beneficial.

June 12, 2026

Respectfully submitted,

/s/ Kristin Bateman
Kristin Bateman (D.C. Bar No. 90037068)+
Robin F. Thurston (D.C. Bar No. 1531399)+
Skye L. Perryman (D.C. Bar No. 984573)+
Democracy Forward Foundation
P.O. Box 34553

Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Daniel F. Jacobson (D.C. Bar # 1016621)+
Lynn D. Eisenberg (D.C. Bar No. 1017511)+
Kyla M. Snow (D.C. Bar No. 90036400)+
Nina Cahill (D.C. Bar No. 1735989)+
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)+
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, DC 20016
(301) 823-1148
kyla@jacobsonlawyersgroup.com

Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

Lauren A. Khouri (D.C. Bar No. 10282288)+
Elizabeth E. Theran (D.C. Bar No. 90030162)+
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org

+ Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman