**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, et al.,<br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, et al.<br>Defendants. | ) | C.A. No. 25-cv-279-MRD-AEM |

**MEMORANDUM AND ORDER**

Melissa R. DuBose, United States District Judge.

Before the Court are Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment. ECF Nos. 71, 72. For the following reasons, the Court grants in part and denies in part Plaintiffs' Motion for Summary Judgment and grants in part and denies in part Defendants' Cross-Motion for Summary Judgment.

## I. BACKGROUND

The Court assumes the reader's familiarity with the background events underlying this dispute and the legal groundwork that the Court laid out in both its August 8, 2025 Memorandum and Order and its April 17, 2026 Memorandum and Order. *See* ECF Nos. 34 at 1-9; 63 at 1-4. This civil action involves a challenge brought by twenty-five non-profit organizations against the U.S. Department of Justice ("DOJ") and various individuals and offices within this agency seeking to invalidate a list of conditions (the "Conditions") that the Office on Violence against

Women ("OVW") and the Office of Justice Programs ("OJB") attempted to impose on grant programs authorized by the Violence Against Women Act ("VAWA"). Through VAWA, Congress has tasked the DOJ with administering these grant programs, which involves ensuring that qualified grantees receive funding and that the funds themselves are used in accordance with VAWA's mandates.

At earlier stages of this case, this Court twice granted preliminary injunctive relief to Plaintiffs. Specifically, the Court found that—in their attempt to impose these new conditions—Defendants likely engaged in arbitrary and capricious action in violation of the Administrative Procedure Act ("APA"). *See* ECF Nos. 34, 63. In addition to announcing new conditions, Plaintiffs also claim that Defendants have attempted to seek concessions from potential grantees that would provide Defendants with a lesser burden in any future attempt to prosecute Plaintiffs for violating the False Claims Act ("FCA") if Defendants determined that Plaintiffs' use of the awarded funds violated the conditions to which Plaintiffs agreed. ECF No. 71-1 at 13-14. With respect to the Conditions themselves, Plaintiffs seek to invalidate the Conditions imposed on OWV and OJP grant programs that forbid the use of VAWA grant funding for the following conduct:

- Promoting or facilitating programs the engage in illegal diversity, equity, and inclusion ("DEI") initiatives.
- Promoting or advancing ideas on gender ideology that, pursuant to Executive Order, the current Administration disfavors.
- Promoting or encouraging the violation of federal immigration law

- Employing the use of programs that discourage collaboration with law enforcement
- Providing initiatives that prioritize noncitizens receiving supportive services over United States citizens.
- Advancing activities or programs in contravention of Executive Orders
- Engaging in activities that emphasize the systemic social justice components of domestic violence or sexual assault rather than their portrayal as violations of criminal law
- Engaging in awareness campaigns that "do not lead to tangible improvements in prevention, victim safety, or offender accountability[.]"
- Serving individuals who are either "removable aliens" or "unlawfully present in the United States[.]"

*See* ECF No. 36-3 at 212, 222; ECF No. 69-3 at 82.

With respect to the invalidity of these Conditions, Plaintiffs contend that Defendants' issuance of them: (1) violates the APA because they exceed Defendants' statutory authority; (2) violate the APA because Defendants engaged in arbitrary and capricious action in imposing these conditions; (3) violate the APA as contrary to the Constitution; (4) violate the Constitution's establishment of separation of powers, the Spending Clause, the First Amendment and the Fifth Amendment; and (6) constitutes ultra vires executive conduct.

After the Court enjoined the imposition of these Conditions, the parties filed cross motions for summary judgment seeking to either invalidate or uphold the Conditions. ECF Nos. 71, 72. The motions are now ripe for this Court's disposition.

## II. LEGAL STANDARD

Courts will grant a litigant's motion for summary judgment when a genuine dispute of material fact does not exist, and the moving party demonstrates their entitlement to judgment as a matter of law. *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). When parties elect to file cross-motions for summary judgment, the court reviews each motion separately and will respectively draw both facts and inferences in favor of the non-moving party. *Scottsdale Ins. v. United Rentals (N. Am.), Inc.*, 977 F.3d 69, 72 (1st Cir. 2020).

Notwithstanding this procedural configuration, courts apply an alternative framework on summary judgment in the context of an APA claim. In the APA context, summary judgment provides courts with the ability to engage in a more fulsome review of the merits underlying an alleged APA violation. *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). As a result, the court will not engage in the familiar task of identifying factual disputes but will instead review the administrative record in order to reach a conclusion on whether the relevant agency's actions violated the APA. *Id.*

## III. DISCUSSION

**A. Threshold Issues**

Aside from the merits of Plaintiffs' APA and constitutional claims, Defendants contend Plaintiffs lack the ability to seek review of Defendants' imposition of the Conditions. As with their opposition to preliminary injunctive relief, Defendants again argue that (1) Plaintiffs lack standing to contest the application of some of the Conditions; (2) Defendants' decision to impose these conditions on the grants themselves does not qualify as a "final agency action" that would permit this Court's review under the APA; and (3) Defendants possess a level of discretion to impose these Conditions and that the Court therefore lacks the ability to review them. ECF No. 72 at 32-36.

However, Defendants have failed to identify any intervening changes to either the underling facts supporting these arguments or the law itself that would permit the Court to revisit its earlier decision concluding that it may properly evaluate Plaintiffs' claims. *See* ECF No. 34 at 11-17; ECF No. 63 at 5-8. As a result, the Court relies on the rationale that it laid out in its prior decision in rejecting Defendants' same positions on summary judgment.

**B. The Merits**

The Court's review of the record and the parties' arguments reveal that Defendants' issuance of the Conditions violated the APA. Specifically, Defendants' lackluster—and at times nonexistent— explanation of their decision to impose the Conditions on the grantees demonstrates that they have violated the APA's prohibition on engaging in arbitrary and capricious agency action. *See* 5 U.S.C. § 706.

The Court further determines that, given this finding, it need not determine whether Defendants have also violated other aspects of the APA, federal law, or the Constitution. *See Campanale & Sons, Inc. v. Evans*, 311 F.3d 109, 121 n.15 (1st Cir. 2022) (declining to engage review in a complete review of all claims after reversing a district court's conclusion on one aspect of the APA). The Court will therefore limit its analysis accordingly.

As with their arguments in support of preliminary injunctive relief, Plaintiffs contend that Defendants have engaged in an incomplete and nonexistent explanation supporting the issuance of these Conditions. ECF No. 71-1 at 43-53; ECF No. 74 at 15-16. In order to withstand scrutiny in this context of the APA, Defendants must demonstrate the specific facts used to support the decision-making process that they undertook and an agency's failure to come forward with this information provides support for a Court's conclusion that the agency engaged in arbitrary and capricious action. *See Ohio v. EPA*, 603 U.S. 279, 292 (2024). Moreover, Defendants must show that they took reasonable actions when they considered whether to impose these Conditions and they must also offer a reasonable explanation that justifies their decision to do so. *Id.*

Additionally, Courts will determine that agencies have engaged in arbitrary and capricious behavior when they determine that the agency has "entirely failed to consider an important aspect of the problem." *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 43, 46 (1983). Finally, and most crucially to this matter, "[i]t is a bedrock principle of administrative law that a court

reviewing agency action may consider only the agency's explanation given at the time the relevant decision was made, as opposed to its post hoc rationale." *Melone v. Coit*, 100 F.4th 21, 31 (1st Cir. 2024) (citing *SEC v. Cenery Corp.*, 318 U.S. 80, 87-88 (1943)).

Here, the record reveals that Defendants failed to engage in a reasonable manner when implementing the changed conditions of these grant programs. Specifically, with the exception of the proposed conditions dictating how grantees must conform to the Administration's views on gender ideology and immigration enforcement, the record demonstrates that Defendants have failed to provide any analysis explaining the process underling their decision-making or the way that the Conditions would impact the grantees seeking this funding. *See* ECF No. 36-3 at 63-64. That failure compels the Court to set aside these conditions as arbitrary and capricious. *Melone*, 100 F.4th at 31.

With respect to Defendants' contemporaneous rationale regarding their imposition of the immigration and gender-ideology related conditions, the Court determines that Defendants failed to substantively engage with the ways in which a whole host of externalities could arise in the context of complying with these conditions. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 29, 43, 46. As a result, the Court determines that Defendants engaged in arbitrary and capricious agency action when they attempted to impose these conditions and that this deficiency requires the Court to set them aside as violative of the APA.

Defendants nevertheless resist this conclusion and contend that their imposition of the conditions does not qualify as arbitrary and capricious agency action. *See* ECF No. 72 at 37-48; ECF No. 77 at 19-21. Specifically, Defendants generally argue that: (1) the level of review they undertook before imposing the conditions constituted a sufficient amount of time and effort on their behalf, and (2) the conditions themselves did not create the level of confusion, upheaval, and uncertainty that Plaintiffs claim took place. ECF No. 72 at 37-48. Notwithstanding these arguments, the Court concludes that Defendants have failed to provide actual, substantive, and contemporaneous support for the idea that they considered the adverse impact of these conditions in a material manner and that—as the Court has now had the opportunity to evaluate for the third time—Defendants' attempt to impose these Conditions on Plaintiffs served as a sweeping and chaotic overhaul of the prior way in which Defendants required grantees to comply with these programs. As a result, the Court determines that Defendants' have failed to alter the Court's determination regarding Plaintiffs' claim that they engaged in arbitrary and capricious action.

**D. Scope of Relief**

Finally, Defendants again seek to limit the scope of Plaintiffs' requested relief. Specifically, Defendants have asked the Court to limit its remedy as narrowly as possible. Here, the Court's determination that Defendants violated the APA requires it to set aside the challenged conditions writ large. A party-specific remedy would prove both unnecessary and unworkable because it would result in some of these

conditions still applying to grantees that have not joined this action but will still compete with the Plaintiffs for the same discrete set of funds. As a result, the Court sets aside Defendants' decision to impose the conditions on these grants themselves and pursuant to the remedies provided by the APA. *See* 5 U.S.C. § 706 (directing the court to set aside agency action found to be arbitrary and capricious without any party-specific limitation).

Although the Court determines that setting aside these Conditions constitutes the proper remedy, the Court declines to permanently enjoin Defendants from imposing the Conditions under any circumstances in the future. *See Monstanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) ("If a less drastic remedy (such as partial or complete vacatur of [an agency's decision … decision]) [is] sufficient to redress respondent's injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted."). As such, to the extent that Plaintiffs' seek this remedy via their motion for summary judgment, their motion is denied.

**CONCLUSION**

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART Defendants' Cross-Motion for Summary Judgment, ECF Nos. 71, 72. The Court sets aside Defendants' imposition of the Conditions as violative of the APA.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

September 29, 2026