**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00279-MRD-PAS |

**PLAINTIFFS' MOTION TO ENFORCE AND CLARIFY, OR ALTERNATIVELY AMEND, THE SEPTEMBER 29, 2026, JUDGMENT**

On September 29, 2026, this Court set aside various DOJ grant conditions under the Administrative Procedure Act, including an Office of Justice Programs (OJP) requirement that grantees certify that they do not operate illegal diversity, equity, and inclusion (DEI) programs and that compliance with that requirement is material for False Claims Act purposes (OJP Anti-DEI Certification). Mem. & Order at 8–9 (Dkt. No. 78). Despite that order, Defendants are continuing to apply that condition to the vast majority of OJP grants, including ones awarded to Plaintiffs or their members, on the unsupported theory that the Court's order vacated the condition only as to a few specific grant programs.

In addition, even for those grant programs for which Defendants concede the condition has been vacated, grantees are left to believe the condition still applies: The condition is still in grant agreements and in other OJP grant-related resources, while the only notice that the condition no longer applies is buried in an unorganized 42-page listing of "legal notices" posted on DOJ's website.

Plaintiffs respectfully move the Court to enforce its September 29 Order to address these two different problems. First, Plaintiffs ask that the Court order Defendants to stop imposing the OJP Anti-DEI Certification on all OJP grants and to clarify (or, alternatively, amend under Federal Rule of Civil Procedure 59(e)) the September 29 Order to specify that the OJP Anti-DEI Certification is vacated in full, and not just with respect to particular grant programs. Second, to help eliminate confusion about whether the condition still applies, Plaintiffs ask that the Court order Defendants to remove the condition from OJP grant agreements and other grant-related resources and to clearly and directly communicate to grantees that the condition does not apply.

Plaintiffs attempted to resolve these issues with Defendants without court involvement but were unable to do so by today, the deadline for Plaintiffs' alternative request to amend the judgment under Rule 59(e).[1] Defendants state that they "oppose [Plaintiffs'] Rule 59 motion."

**BACKGROUND**

Plaintiffs—25 nonprofits that are the federally recognized domestic violence and sexual assault coalitions for their respective states—brought this suit to challenge a host of conditions that DOJ has imposed on grants that they and their members rely on to provide critical support to survivors of domestic and sexual violence. Among other things, Plaintiffs challenged an OJP-wide policy, reflected in OJP's "General Conditions" for OJP grants, of requiring grant recipients to certify: (1) that the recipient "does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable federal civil rights or nondiscrimination laws" and (2) that "[t]he recipient agrees that its compliance with all applicable federal civil rights and nondiscrimination laws is material to

---

[1] The parties continue to discuss Plaintiffs' concerns about Defendants' implementation of the September 29 Order's vacatur of grant conditions imposed by DOJ's Office on Violence Against Women. Plaintiffs are hopeful those can be resolved without involving the Court, but reserve the right to file a motion to address those issues if necessary.

the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act" (OJP Anti-DEI Certification). Second Am. Compl. ¶¶ 176–77 (Dkt. No. 62); *see also* OJP Administrative Record at 61 (Dkt. No. 50-3).

In April 2026, on Plaintiffs' motion, the Court preliminarily stayed that condition pursuant to Section 705 of the APA. Mem. & Order at 3, 12–13 (Dkt. No. 63). The Court later clarified that the preliminary stay "applie[d] to the [Victims of Crime Act] and Pet Shelter grant programs that the Department of Justice administers." Text Order (May 29, 2026). Those were the OJP grant programs under which Plaintiffs had "been awarded funding" at that time. *Id.* The Court acknowledged that it possessed "the authority to issue *broader* relief in the context of the Administrative Procedure Act," but explained that "limiting the breadth of the administrative stay" to those grant programs was "the proper course of action at this juncture." *Id.* In explaining that limitation, the Court pointed to the language of Section 705, which authorizes courts to stay agency action "to the extent necessary to prevent irreparable injury." *Id.*

Plaintiffs moved for summary judgment shortly thereafter. Plaintiffs' motion sought, among other things, vacatur of the OJP Anti-DEI Certification and "Defendants' polic[y] of imposing" that condition "on all grants administered by … OJP." Pls.' Mot. for Summ. J. at 1 (Dkt. No. 71). On September 29, 2026, the Court entered judgment in favor of Plaintiffs. Judgment (Dkt. No. 79). The Court concluded that all of the challenged grant conditions were arbitrary and capricious, including because Defendants provided a "lackluster—and at times nonexistent—explanation of their decision to impose the Conditions." Mem. & Order at 5 (Dkt. No. 78). Turning to remedy, the Court rejected Defendants' request for a "party-specific" remedy and concluded that Defendants' APA violations "require[d] [the Court] to set aside the challenged conditions writ large." *Id.* at 8–9. The Court, however, declined to enter a permanent

injunction, noting that such relief is not warranted where vacatur "is sufficient to redress [the plaintiff's] injury." *Id.* at 9 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010) (cleaned up)).

Following that order, OJP grant agreements continue to contain the OJP Anti-DEI Certification, and the "General Conditions" posted on OJP's website continue to list that condition as well. Declaration of Lucy Rios (Rios Decl.) ¶¶ 6, 14; DOJ, OJP, *"General Conditions" for OJP Awards in FY 2026*, https://perma.cc/99RS-AWS2; DOJ, OJP, *"General Conditions" for OJP Awards in FY 2025*, https://perma.cc/NRK8-LNP3. The grant agreements separately state that DOJ "may determine that a legal notice regarding award requirements is necessary or that it will not enforce, or enforce only in part, one or more requirements otherwise applicable to the award" and that it will post any such notice on an OJP "Legal Notices" webpage. Rios Decl. ¶ 8 & Ex. A (grant agreement). That webpage has no table of contents or index, no discernible organizing principle, and, if printed, would run 42 pages long. Rios Decl. ¶ 9 & Ex. B (printed version of OJP "Legal Notices" webpage); DOJ, OJP, *Legal Notices*, https://perma.cc/N6AX-2SZJ. On October 21, DOJ quietly updated the webpage to note that, pursuant to an order in this case, "DOJ has determined that it will not implement or enforce" the OJP Anti-DEI Certification as to FY 25 and FY 26 VOCA Victims Assistance, Pet Shelter, and VOCA Services for Victims of Crime grants "while the order is in effect." Rios Decl. ¶ 11 & Ex. B; DOJ, OJP, *Legal Notices*, https://perma.cc/N6AX-2SZJ. Plaintiffs and their members have not received any communication from DOJ flagging this notice or otherwise advising them that DOJ is not enforcing this condition. Rios Decl. ¶ 12.

In addition, since this Court's September 29 Order, multiple members of Plaintiffs have received OJP grants under programs *other than* the VOCA Victims Assistance, Pet Shelter, and

VOCA Services for Victims of Crime programs. *See* Rios Decl. ¶ 6. Defendants' counsel informed Plaintiffs' counsel that Defendants do not believe the September 29 vacatur applies to these other OJP grant programs.[2] Rios Decl. ¶ 10.

## ARGUMENT

It is axiomatic that federal courts have "inherent power to enforce [their] judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). That includes "issu[ing] a subsequent order which is needed to implement an earlier order." *United States v. Friedman*, 143 F.3d 18, 22 (1st Cir. 1998). This Court should enforce its judgment setting aside the OJP Anti-DEI Certification in two ways. First, to ensure that the condition is properly treated as vacated for all OJP grant programs, not just a limited few, the Court should enter an order requiring Defendants to stop imposing the OJP Anti-DEI Certification requirement on all OJP grants—and should clarify (or alternatively amend) the September 29 Order to specify that the condition is vacated in full. Second, to ensure that the condition does not continue to have practical effect despite the vacatur, the Court should require Defendants to remove the OJP Anti-DEI Certification from OJP award agreements and other grant-related materials and to provide clear notice to grantees that the condition does not apply.

### I. The Court should require Defendants to stop imposing the OJP Anti-DEI Certification on any OJP grant

To start, the Court should order Defendants to stop imposing the OJP Anti-DEI Certification on all OJP grants. In so doing, it should clarify (or, to the extent that the Court

---

[2] Because of a preliminary injunction in a *different* case, Defendants are not currently applying the OJP Anti-DEI Certification to any OJP grants. DOJ, OJP, *Legal Notices*, https://perma.cc/N6AX-2SZJ; *see also Freedom Network USA v. Trump*, 830 F. Supp. 3d 681, 717 (N.D. Ill. 2026). That does not resolve Plaintiffs' problem, however, because Defendants are not applying the condition only "while the injunction [in that other case] is in effect" and reserve the right to reimpose it "[i]f the status of [that] pending litigation changes." DOJ, OJP, *Legal Notices*, https://perma.cc/N6AX-2SZJ.

deems it necessary, amend[3]) the September 29 Order to specify that the OJP Anti-DEI Certification is vacated in full, and not merely with respect to a few specific OJP grant programs, as Defendants claim.

There is no basis to limit the vacatur of the OJP Anti-DEI Certification to just a few grant programs. For one, that is not how vacatur operates. "[V]acatur acts on the agency action itself" and therefore "is not generally party-specific." *Massachusetts v. Dep't of Educ.*, 831 F. Supp. 3d 34, 50 (D. Mass. 2026). Here, the agency actions that Plaintiffs challenged were the OJP Anti-DEI Certification itself and the OJP-wide policy of imposing that Certification on "all" OJP grants. Pls.' Mot. for Summ. J. at 1 (Dkt. No. 71). Defendants never contested that the OJP Anti-DEI Certification was an OJP-wide action. *See generally* Dkt. Nos. 72, 77 (Defendants' summary judgment briefing). Vacating the OJP Anti-DEI Certification therefore necessarily means rendering it inoperative as to all OJP grants.

Nor does anything in the Court's reasoning suggest that the vacatur should be more limited. The Court stated it was setting aside the conditions "writ large." Mem. & Order at 8 (Dkt. No. 78). Moreover, the Court's reasons for setting the conditions aside were not based on the specifics of any particular grant program. Rather, the Court vacated the conditions because "Defendants' lackluster—and at times nonexistent—explanation of their decision to impose the Conditions" was arbitrary and capricious. *Id.* at 5. To be sure, at the preliminary relief stage, the Court stayed the OJP conditions under Section 705 of the APA only as to the three grant programs under which Plaintiffs had received awards at the time. Text Order (May 29, 2026).

---

[3] Plaintiffs believe the September 29 Order is best read as setting aside the OJP Anti-DEI Certification in full and therefore do not believe that amendment of the Order is necessary. If the Court disagrees, however, Plaintiffs alternatively seek amendment of the Order under Federal Rule of Civil Procedure 59(e), which allows a party to seek amendment within 28 days after entry of judgment.

But that is entirely consistent with vacating the conditions in full now. At the preliminary relief stage, the Court limited relief based on Section 705's statement that agency action be stayed "to the extent necessary to prevent irreparable injury." *See id.* (quoting 5 U.S.C. § 705). That reasoning no longer applies at the final relief stage because the APA requires vacatur irrespective of what is necessary to prevent "irreparable injury." *See* 5 U.S.C. § 706(2) (providing that the "court shall … hold unlawful and set aside agency action" found to be arbitrary and capricious, without any mention of "irreparable injury").

Moreover, limiting the vacatur would leave Plaintiffs with incomplete relief. Already, Plaintiffs or their members have begun receiving OJP grants that Defendants claim are not covered by the Court's vacatur order. Rios Decl. ¶¶ 6, 10. Absent action by this Court to enforce or clarify that order, Plaintiffs and their members will face the very harms that this Court endeavored to redress in entering summary judgment for Plaintiffs.

### II. The Court should require Defendants to remove the OJP Anti-DEI Certification from OJP award agreements and grant-related resources and to provide clear and direct notice to grantees that the condition does not apply

In addition, the Court should ensure that the vacatur order is not deprived of practical effect due to grantees' confusion about whether the OJP Anti-DEI Certification still applies. As it stands, OJP award agreements still contain the OJP Anti-DEI Certification, as does the webpage listing the "General Conditions" for OJP awards. *See, e.g.*, Rios Decl. ¶¶ 6–7, 14; *see also, e.g.*, DOJ, OJP, *"General Conditions" for OJP Awards in FY 2026*, https://perma.cc/99RS-AWS2. The only notice that the Certification does not apply appears on a webpage that presents a lengthy and unorganized list of "legal notices." DOJ, OJP, *Legal Notices*, https://perma.cc/N6AX-2SZJ. That buried notice does not effectively inform grantees that the condition is inoperative—meaning the condition will continue to chill grantees from engaging in lawful DEI activity for fear of the False Claims Act liability that this Certification threatens.

The Court can and should "effectuate and prevent the frustration of [its] order[]," *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977), by requiring Defendants to clear up the confusion. In particular, the Court should require Defendants (1) to remove the OJP Anti-DEI Certification from OJP award agreements, the OJP "General Conditions," and other OJP grant-related resources, and (2) to provide clear notice to grantees, through a direct communication (as opposed to merely posting it on a website), that the condition does not apply.

**CONCLUSION**

The Court should enforce its September 29 Order by requiring Defendants to stop imposing the OJP Anti-DEI Certification on any OJP grant, and it should clarify (or, alternatively, amend) the order to specify that the OJP Anti-DEI Certification is vacated as to all OJP grants. In addition, to help mitigate confusion that effectively causes the condition to continue having practical effect, the Court should require Defendants to remove the OJP Anti-DEI Certification from all OJP grant agreements, the OJP "General Conditions," and other OJP grant-related resources, and to clearly and directly communicate to affected grantees that the OJP Anti-DEI Certification does not apply.

October 27, 2026

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (D.C. Bar No. 90037068)+
Robin F. Thurston (D.C. Bar No. 1531399)+
Skye L. Perryman (D.C. Bar No. 984573)+
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

Daniel F. Jacobson (D.C. Bar No. 1016621)+

Lynn D. Eisenberg (D.C. Bar No. 1017511)+
Brian C. Rosen-Shaud (D.C. Bar No. 90042065)+
Nina C. Cahill (D.C. Bar No. 1735989)+
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

Amy R. Romero (RI Bar No. 8262)
Lawyers' Committee for Rhode Island
56 Pine Street, 2nd Floor
Providence, RI 02903
(401) 453-1500
Amy@lawyerscommitteeri.org

Lynette Labinger (RI Bar No. 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

Lauren A. Khouri (D.C. Bar No. 10282288)+
Elizabeth E. Theran (D.C. Bar No. 90030162)+
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

+ Admitted *Pro hac vice*

*Counsel for Plaintiffs*